FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 27 2020

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DR. MARGARET BOYD-OWENS and
JACQUELINE JOHNSON                                           PLAINTIFFS

VS.                    CASE NO. 4:20-cv-1284-BSM

SHORTER COLLEGE, INC.                                         DEFENDANT

## COMPLAINT

**COME NOW** THE PLAINTIFFS, by and through counsel, who for their Complaint, state:

### PARTIES AND JURISDICTION

1. Plaintiff, **DR. MARGARET BOYD-OWENS-OWENS**, (hereinafter "Boyd-Owens"), is a resident of Jefferson County, and Plaintiff, **JACQUELINE JOHNSON**, ("hereinafter "Johnson"), is a resident of Pulaski County. Plaintiffs both worked for Defendant in Pulaski County, and the events complained of took place in Pulaski County.

2. Defendant, **SHORTER COLLEGE**, is a domestic non-profit corporation, operating in an industry substantially impacting interstate commerce in Pulaski County, Arkansas.

3. This action is brought in an amount exceeding that required for diversity jurisdiction, pursuant to Title VII of the 1964 Civil Rights Act, the Equal Pay Act, the Arkansas Equal Pay Act, the Arkansas Civil Rights Act, and the ADEA. Accordingly, venue and jurisdiction are appropriate.

### FACTS

4. Plaintiff Boyd-Owens began working for Defendant in August of 2014 as a faculty member.

This case assigned to District Judge Miller
and to Magistrate Judge Harris

5. She became Faculty Senate President, Chair of the Entrepreneur Studies Department, full-time Professor, SGA advisor, and finally Assistant Dean of Student Affairs.

6. She has a Bachelor's in Communications, Master of Business Administration, and a Ph.D. in Higher Education Leadership, within an additional eighteen (18) hours in Psychology.

7. Plaintiff Johnson started working there in March of 2016 as a Director of Student Success Coaches and became Assistant Coordinator of Project Success Emergency Aid Fund, the Ability to Benefit Program, Disability Services, Counselor for Veterans, Counselor for Second Chance Pell.

8. Plaintiff Boyd-Owens supervised Johnson.

9. Plaintiff Johnson has a BA in Health Sciences, with a Master's degree in Adult Education.

10. Plaintiffs are females who are in their fifties.

11. In 2018, Plaintiff had begun asking questions about the salary base, matrix, or structure at the college.

12. In early March of 2020 Plaintiffs discovered that a male, RW, was making around $62,000 a year. He is at least ten (10) years younger than Plaintiffs. He stated that he was not sure of his title. A position had been created for him, but he literally did not know what his job would be.

13. In the hierarchy of the college an Assistant Dean is higher than a Director. Yet Plaintiff Boyd-Owens was making $53,000 a year, which she had just fought to get in January 2020.

14. RW's resume indicated he had a Master's in HR from Webster. He has a criminal record.

15. Plaintiff Boyd-Owens, she had an extensive career in high school and college education and has run her own business.

16. In December 2019, Howard Gibson, a male in his forties got a raise into the $60-70,000 range, and he became an Associate Dean for Institutional Effectiveness.

17. In December 2019, Maurice Osborne, a male in his forties came in as a Director $60-70,000 range.

19. In December 2019, Ms. Paisley Boston, more than ten (10) years the junior of Plaintiffs, came in making $60-70,000. She was Communications Director.

20. In December of 2019, Plaintiff Johnson sent Plaintiff Boyd-Owens an email saying that she felt discriminated against. She had been told there would be no raise until Shorter reached 1,000 students. They have never had 1,000 students. She had then found out that several individuals had received raises, one of whom was younger than her substantially, that she was being paid equivalent to people with Associates Degrees, despite her Higher ED Degrees and 27 years of experience in Higher ED. She was also the lowest paid Director. Ms. Mitchell acknowledged that Dr. Owens had been advocating for Johnson.

21. Plaintiff Boyd-Owens forwarded this email to the HR Director and Dr. George Hurst (their Supervisor). She indicated that she valued Johnson and agreed with her concerns.

22. Mitchell then held a meeting with both Plaintiffs. She said the President had agreed to do an across the board raise for Ms. Johnson and the other two (2) coaches. She called it a "fair market adjustment. Notably, the other two (2) coaches were younger males, one of whom had been there four (4) months. Dr. Hurts said Dr. Boyd-Owens should get a raise too.

23. The raise never actually happened, and then Dr. Green took it back in February 2020.

24. Plaintiff Johnson requested to meet the President, through the HR Director to discuss her concerns of discrimination, and he refused.

25. As a result, Johnson sent Dr. Herts her concerns of discrimination, and he said he would meet with the President the next day about them.

26. Plaintiff Boyd-Owens was cc'd on theses emails.

27. Plaintiff Boyd-Owens filed an EEOC charge of gender and age discrimination in early March of 2020.

28. Plaintiff Johnson filed an EEOC charge of gender and age discrimination in February of 2020.

29. Plaintiff Boyd-Owens was fired March 13, 2020, by President Jerome Green. He refused to say, claiming that Arkansas is an at-will state.

30. Plaintiff Johnson was fired March 13, 2020, a short while later, by President Jerome Green, and told they were taking the department in a different direction.

31. Plaintiffs had good evaluations and no discipline. Neither of them had ever been counseled about their performance or conduct. Boyd-Owens and Johnson had been nominated for staff awards in several categories, and Boyd-Owens won outstanding faculty and staff of the year, an award given by staff and peers. Literally 30 minutes before they were fired, Plaintiffs were at a luncheon for Dr. George Hurts, who was the Dean, and supervised both of them, and he was extremely complementary of them in front of faculty and staff, and President Green himself.

32. Plaintiffs were granted unemployment benefits because Shorter presented no evidence to justify their termination.

33. When the EEOC did its investigation Defendant Shorter refused to respond at all.

34. After being terminated Plaintiffs amended their EEOC charges to add termination as an injury, less than 180 days after their termination.

35. Plaintiffs have received Right to Sue letters and now bring suit less than ninety (90) days after its receipt.

## COUNT I

36. Plaintiffs incorporate by reference the preceding paragraphs.

37. By virtue of the foregoing, Plaintiffs have been discriminated against based on gender, in violation of Title VII, Section 107(a)(1) of the ACRA, and federal and state Equal Pay laws.

38. As a result, Plaintiffs have suffered lost wages and benefits, endured mental and emotional suffering, embarrasment, and lost earning capacity.

39. Defendant's conduct has been so egregious as to merit liquidated and punitive damages.

## COUNT II

40. Plaintiffs incorporate by reference the preceding paragraphs.

41. By virtue of the foregoing, Plaintiffs have been retaliated in violation of Title VII, Section 108 of the ACRA, the ADEA, and the federal Equal Pay laws (EPA/FLSA).

42. As a result, Plaintiffs have suffered lost wages and benefits, endured mental and emotional suffering, embarrasment, and lost earning capacity.

43. Defendant's conduct has been so egregious as to merit liquidated and punitive damages.

## COUNT III

44. Plaintiffs incorporate by reference the preceding paragraphs.

45. By virtue of the foregoing, Plaintiffs have been discriminated against in violation of the ADEA.

46. As a result, Plaintiffs have suffered lost wages and benefits, endured mental and emotional suffering, and lost earning capacity.

47. Defendant's conduct has been so egregious as to merit liquidated damages.

## JURY DEMAND

48. Plaintiffs seek a trial by jury.

## PRAYER

**WHEREFORE**, PLAINTIFFS PRAY FOR THE FOLLOWING RELIEF: back pay, front pay or reinstatement, compensatory damages, punitive damages, liquidated damages, in an amount exceeding that required for diversity jurisdiction, an apology, designation as rehirable, cleansing of their personnel file, posting of any verdict and judgment at their worksite, a positive reference, reasonable attorneys' fees and costs, a jury trial on all matters so triable, other injunctive relief, and all other appropriate relief.

Respectfully Submitted,

Lucien R. Gillham, ABRN 99-199
*Counsel for Plaintiffs*
**SUTTER & GILLHAM, PLLC**
310 W. Conway
Post Office Box
Benton, AR 72015
501/315-1910 - Office
501/315-1916 - Fax

By: /s/ *Lucien Gillham*
lucien.gillham@gmail.com