IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARGARET BOYD-OWENS, and**
**DR. JACQUELINE JOHNSON**                                                      **PLAINTIFFS**

**V.**                               **CASE NO. 4:20-CV-01284 BSM**

**SHORTER COLLEGE INC.**                                                          **DEFENDANT**

## PROTECTIVE ORDER

It appearing to the Court that the Parties to this action, Plaintiffs Margaret Boyd-Owens and Jacqueline Johnson and Defendant Shorter College Inc., by their respective counsel, have agreed to the entry of a Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure in connection with discovery requests in this action, therefore the Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure.

1. The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

    a. Any and all documents referring or related to confidential and proprietary human resources or business information and all financial records of the parties;

    b. Any documents from the personnel, medical, or workers' compensation file of any current or former employee

    c. Any documents relating to the medical and/or health information of any of Defendant's current or former employees, including the plaintiffs' medical records; and

    d. Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

2. Confidential Information designations shall be made in good faith. If parties cannot agree to the designation of Confidential Information, the party seeking confidentiality holds the burden to move for and establish a need for its confidentiality.

3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "<u>CONFIDENTIAL</u>" or otherwise expressly identified as confidential. Each counsel will use his/her best efforts to limit the number of documents designated Confidential.

4. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5. Qualified recipients shall include only the following:

   a. In-house counsel and law firms for each party and the secretarial, clerical, and paralegal staff of each;

   b. Deposition court reporters and staff;

   c. Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

   d. Deponents during the course of their depositions or potential witnesses of this case; and

   e. The parties to this litigation, their officers, and professional employees.

6. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such

deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

7. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

8. All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

9. Any confidential material disclosed in any pleading, motion, deposition transcript, brief, exhibit or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction; the redacted version of the document is to be filed on the public docket, with the unredacted version delivered in hard copy to the Clerk's Office for filing under seal. The party redacting the document containing Confidential Information will show the opposing party all proposed redactions at least three days prior to filing any Confidential Information with the Court. If the parties are unable to reach an agreement as to redactions, the party wishing to file the Confidential Information will file the complete document under seal. The confidential filing may

include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing.

9. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

10. Upon three years after the termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to either return it or provide notification that it has been destroyed.

11. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

12. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

13. The Clerk of Court will forward a copy of the Protective Order to all counsel of record at their respective addresses listed on CM/ECF.

It is so ordered, this 10th day of May, 2021.

_____
HONORABLE BRIAN S. MILLER

*/s/ Amanda Orcutt*
Amanda Orcutt, Ark. Bar #2019102

*/s/ Lucien Gillham*
Lucien Gillham, Ark. Bar #99199